■ In the Matter of the Claim of MURRAY ROTENBERG, Appellant, against DIAMOND BEDDING & UPHOLSTERING Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board disallowing his claim. On December 7, 1951 claimant suffered from a condition diagnosed by his attending physician as a traumatized plantar wart with ulceration, complicated by obesity, diabetes mellitus, diabetic arteriosclerosis and endarteritis. Treatment continued until April 14, 1952 when the physician found that the area had healed over but there seemed to be a little serum under the skin. The doctor next saw claimant on July 21, 1952 after he had attended a furniture show at which he did considerable walking. At this time the area previously affected had broken down and begun to drain. Medical and surgical treatment continued, during the course of which toes on each foot were amputated. Claimant returned to work on August 1, 1953. Claimant's first claim for compensation was dated November 6, 1953 and reported, as occurring October 15, 1952, an accident described as " Spread of infection from surface ulcer by continuous walking." The claim stated that notice of injury had been given the employer in October, 1952. The corporate employer, of which claimant was president, filed a report of injury by an accident of October 15, 1952 described as in the employee's claim. Both the claim and the employer's report specified October 28, 1952 as the date disability began. Claimant's medical proof failed to support the claim of an accident on October 15, 1952 but proceeded on the theory that the considerable amount of walking required of claimant in the employer's retail furniture store was a contributing factor to, and an aggravation of the condition found in December, 1951, and that the walking at the furniture show in July, 1952 could contribute to " the course of events " which followed. On this appeal, claimant contends that he " sustained an occupational condition in the first instance when he developed his plantar wart" and " an accident or series of accidents " at the furniture show. The medical testimony adduced by the employer and carrier was that the condition " presents more or less the normal progression of a lesion of a foot in a severe diabetic — that is, food [sic] would probably have followed the same course with normal walking outside of his occupation ". Upon this evidence and upon the entire record, the board was warranted in finding, as it did, that claimant did not sustain an industrial accident and that he did not, at least within the period covered by his claim, incur an occupational disease. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.